IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAURICE D. GREEN,                                    CV. 06-1363-MA

        Petitioner,                          OPINION AND ORDER

   v.

GUY HALL, Superintendent, Two
Rivers Correctional
Institution,

        Respondent.

KENDRA M. MATTHEWS
RANSOM BLACKMAN, LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, OR 97204-1144

    Attorneys for Petitioner

HARDY MYERS
Attorney General
SUSAN R. GERBER
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

    Attorneys for Respondent

///

///

///

1 - OPINION AND ORDER

MARSH, Judge

Petitioner, an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus action pursuant to 28 U.S.C. § 2254.    For the reasons set forth below, petitioner's habeas corpus petition is denied and this proceeding is dismissed.

## BACKGROUND

On July 19, 1999, petitioner was indicted on four counts of Sodomy in the First Degree.    The charges alleged the same theory --that he sodomized his step-daughter--with each count alleged to have occurred within a separate time-frame (Count 1, April 1995 to February 1996; Count 2, February 1996 to August 1997; Count 3 August 1997 and August 1998; and Count 4 August 1998 to March 18, 1999).

Prior to trial, petitioner's counsel, James F. Evans, informed petitioner that the state was prepared to resolve the case through a plea bargain in which petitioner would plead guilty or no contest to an offense and stipulate to a 75 month term of imprisonment. Mr. Evans presented the plea offer to petitioner.    Petitioner declined the plea offer and proceeded to trial.

Several witnesses testified at trial, including the victim. Hannah Brant, who was then eight, testified that she had occasionally lived with her mother and petitioner in three separate apartments and the "gray house" in Salem.    (Tr. Vol. I, p. 40.) She testified that petitioner put "his penis in her bottom" and

moved up and down and that it hurt.  Ms. Brant testified that petitioner had done this "at those three apartments and that one house" and more than once at each location. (Tr. Vol. I, p. 41-42.) She stated that petitioner took her into the bedroom while her mother was at work and told her not to tell anyone.

A nurse practitioner, Susan Hart, who had examined the victim at a local KIDS Center as part of the abuse investigation, testified that she believed the abuse had occurred.  Ms. Hart testified that although the physical examination of the victim's vaginal and rectal areas were normal, scarring does not always occur with abuse.  While at the KIDS Center, an interview of Hannah Brant by Ms. Hart and a social worker Kathy Elliott was videotaped. In that interview, Hannah Brant described abuse by petitioner that was consistent with her trial testimony.  The videotaped interview was played at trial, without objection from trial counsel.

Tashea Green, the victim's mother, testified that Hannah Brant had witnessed domestic violence in the home, and that petitioner admitted to abusing Ms. Brant on one occasion. (Tr. Vol. II, p. 123.) The victim's grandmother also testified that on three separate occasions while staying at Ms. Green's house, she had walked into petitioner's bedroom and saw Hannah Brant wearing only her panties and petitioner wearing only his underwear.  (Tr. Vol. II, p. 138.) Petitioner did not testify in his own defense, but professed his innocence.

At the conclusion of the testimony, the trial court instructed the jury in relevant part concerning the multiple counts:

> The first count says that it occurred on or between the dates of April 1995 and February 1996.  Count 2 alleges that it occurred on or between February 1996 and August 1997.  The third count alleges that it occurred on or between August of 1997 and August 1998.  And the fourth and final count alleges that it occurred on or between August of 1998 and March the 18th of 1999.
>
> . . . .
>
> Back to the dates that we're talking about. Although the State must prove beyond a reasonable doubt that the crime occurred, the exact date when the crime was committed is not a material element.  It is sufficient if the State establishes that the crime or each of these crimes, if any, occurred between the dates of July the 20th of 1993 and July the 19th of 1999. (Transcript of Proceedings p. 87-89).

Petitioner was convicted on all four counts.  Petitioner was sentenced to a total of 246 months as follows:  Count 1, 100 months; Count 2, 115 months to run concurrently; Count 3, 116 months to run concurrently; and Count 4, 130 months, to run consecutively with Counts 1 through 3.

Petitioner directly appealed his conviction and the Oregon Court of Appeals affirmed without opinion and the Supreme Court of Oregon denied review.  State v. Green, 178 Or. App. 196, 37 P.3d 258 (2001), rev. denied, 333 Or. 260 (2002).

Petitioner filed a state post-conviction proceeding alleging 12 claims of ineffective assistance of counsel.  The post-conviction court denied relief.  The Oregon Court of Appeals

affirmed without opinion and the Oregon Supreme Court denied
review.  Green v. Bartlett, 206 Or. App. 520, 138 P.3d 62, rev.
denied, 341 Or. 216 (2006).

**DISCUSSION**

In the instant proceeding, petitioner raises three claims of
ineffective assistance of counsel.  Petitioner contends that his
trial counsel provided constitutionally deficient performance by:
(1) failing to properly advise him regarding the advantages and
disadvantages of declining the plea offer and proceeding to trial;
(2) failing to object to the admission of the videotape of the
victim's interview at the KIDS Center; (3) failing to object to the
prosecutor's closing argument and jury instructions that the state
need not prove specific dates for the separate counts, violating
his right to due process.

Respondent moves to deny habeas corpus relief on the basis
that the state court's rejection of petitioner's three claims for
relief is entitled to deference.[1]  I agree.

I.   **Standards.**

Under 28 U.S.C. § 2254(d), federal habeas corpus relief may
not be granted on a claim that was adjudicated on the merits in
state court, unless the adjudication:

---

[1]Petitioner's claims were properly exhausted in the
proceedings below.

5 - OPINION AND ORDER

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under Strickland v. Washington, to prevail on a claim of ineffective assistance of counsel, petitioner must show that (1) his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. 466 U.S. 668, 687 (1984); Bell v. Cone, 535 U.S. 685, 698-99 (2002); Williams v. Taylor, 529 U.S. 362, 390 (2000). Failure to make the required showing on either prong defeats the ineffectiveness claim.

To prove deficiency of performance, petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. There is a strong presumption that the counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689.

To establish prejudice, petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Bell, 535 U.S. at 695; Williams, 529 U.S. at 390-91; Strickland, 466 U.S. at 687, 694. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Williams, 529 U.S. at 391 (quoting Strickland, 466 U.S. at 694).

This court presumes that the state court's findings of fact are correct, unless rebutted by the petitioner with clear and convincing evidence.    28 U.S.C. § 2254(e)(1); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340 (2003).

**II.  Analysis.**

**A.  Plea Offer.**

In his first claim for habeas corpus relief, petitioner argues that he was denied the effective assistance of counsel because Mr. Evans failed to exert pressure on him to take the offered plea bargain of 75 months imprisonment.    Following a jury trial, he received a 246-month term.    At bottom, petitioner argues that given the length of the sentence he faced, combined with the strength of the evidence presented against him, counsel should have urged him more strongly to accept the plea offer.

The post-conviction court made the following relevant findings of fact:

> 6.   Petitioner knew he had a choice between accepting the State's plea offer and taking his case to trial.   Petitioner was aware of the possible sentence he could receive if convicted after trial on all charges within the indictment.
>
> . . . .
>
> 9.   Trial counsel did not promise petitioner that he would win his case if he took it to trial and trial counsel did inform petitioner that he could receive up to a 400-month prison term if convicted after trial.   (Exhibits to Answer, (#21) Exh. 129, p.8.)

The two part <u>Strickland</u> test applies to the ineffective assistance of counsel claim arising out of the plea process. <u>Turner v. Calderon</u>, 281 F.3d 851, 879 (9th Cir. 2002); <u>Hill v. Lockhart</u>, 474 U.S. 52, 57-58 (1985).    To establish deficient performance, the inquiry is whether the "counsel's advice was "within the range of competence demanded of attorneys in the criminal context." <u>McMann v. Richardson</u>, 397 U.S. 759, 771 (1970); <u>Turner</u>, 281 F.3d at 879.    To establish prejudice, petitioner must show that "but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial." <u>Id.</u>    To establish ineffective assistance of counsel where the petitioner is informed of the plea offer, petitioner must demonstrate gross errors on the part of counsel. <u>Turner</u>, 281 F.3d at 880; <u>McMann</u>, 397 U.S. at 771.

From a factual standpoint, petitioner has failed to present clear and convincing evidence to overcome the post-conviction court's conclusion that petitioner knew he had a choice in determining whether or not to proceed to trial, and that he could receive up to 400 months in prison if convicted. Additionally, petitioner has not rebutted the factual finding that Mr. Evans did not promise acquittal. Accordingly, those findings are entitled to deference. <u>See</u> 28 U.S.C. § 2254(e)(1).

Moreover, petitioner has failed to demonstrate any gross errors on the part of counsel. In essence, petitioner argues that Mr. Evans failed to adequately discuss the comparative strength of

the state's case and the weakness of his defense and that counsel should have informed him that he had "virtually no chance" of being acquitted on all counts if he proceeded to trial.[2]  However, trial counsel is not required to accurately predict what the court or jury might find, and counsel has no obligation to "'strongly recommend'" that he accept a plea offer.  Turner, 281 F.3d at 881.  Rather, the counsel is "required to give the defendant the tools he needs to make an intelligent decision."  Id.

Petitioner's counsel did so here.  Although Mr. Evans agreed with petitioner that 75 months was a "long time," petitioner admits that Mr. Evans did not guarantee acquittal.  Mr. Evans convyed the offer to petitioner, and examined the evidence with him.  When discussing the offer, petitioner professed his innocence, and inquired whether the case was "winnable."  Counsel responded that it was.  Petitioner's case involved a custody battle over the victim, and Mr. Evans believed that "those generally are the most likely cases where false allegations come up[.]" (Exhibits to Answer (#21) Exh. 124 p.9) Counsel reviewed the sentencing possibilities, including that the case was subject to Ballot Measure 11.

---

[2]Petitioner has offered no support for his contention that competent counsel would have advised him that his race could work against him at trial, since he is African American and the victim is white.

Certainly the 75 month plea offer looks like a bargain after receiving a 246 month sentence, but this court must make every effort to eliminate the distorting effects of hindsight. Strickland, 466 U.S. at 699.  To be sure, petitioner admits that the choice to proceed to trial was his, and that he understood he could receive a sentence of up to 400 months if convicted. (Exhibits to Answer (#21) Exh. 123 p. 10,37.)  Thus, petitioner has failed to demonstrate that the advice he received was so incorrect or insufficient that he was unable to make an intelligent decision about whether to accept the plea offer.  Turner, 281 F.3d at 880 (citing with approval United States v. Day, 969 F.2d 39, 43 (3rd Cir. 1992).

I conclude that petitioner has failed to demonstrate that Mr. Evans' conduct fell below an acceptable level of competence. Accordingly, the post conviction court's rejection of petitioner's first claim for habeas relief was neither contrary to, nor an unreasonable application of clearly established federal law.

**III. Videotape.**

In his second claim for habeas corpus relief, petitioner claims that his counsel was ineffective for failing to object to the admission of the videotaped testimony of Ms. Brant at a local KIDS Center.  The videotape was played for the jury at trial without objection from petitioner's trial counsel.

To demonstrate ineffective assistance of counsel on this claim, petitioner must show that the KIDS videotape was inadmissible, and that any objection would have been sustained. <u>U.S. v. Bosch</u>, 914 F.2d 1239, 1247 (9th Cir. 1990). Counsel's failure to object to admissible evidence is neither unreasonable or prejudicial. <u>Id.</u>

Petitioner now complains that the notice trial counsel received pursuant to Oregon Rule of Evidence 803(18a)(b) of the state's intent to use the videotape at trial was insufficient. Petitioner argues that the notice failed to identify that the state was going to present testimony of Hannah Brant by videotape and thus the videotape is inadmissible under <u>State v. McKinzie</u>, 186 Or.App. 384, 390-91, 63 P.2d 1214, <u>rev. denied</u>, 336 Or. App. 16, 77 P.3d 319 (2003). According to petitioner, had his trial counsel objected, the videotape would have been excluded under OEC 803(18a)(b). I disagree.

<u>McKinzie</u> is readily distinguishable. In <u>McKinzie</u>, the court ruled that the victim's videotaped statement was inadmissible because the state admittedly failed to timely file the required 15 days notice under OEC 803(18a)(b), despite that the defendant had received a copy of the videotape well before trial. <u>Id.</u> at 1218. There, the court concluded that the state's provision of the videotape during discovery was insufficient to serve as notice of the state's intent to rely on the videotape. <u>Id.</u> at 392-94.

This case is vastly different.  Unlike <u>McKinzie</u>, there is no question that the notice provided by the state was timely under OEC 803(18a)(b).  And, unlike <u>McKinzie</u>, the notice provided by the state adequately identified hearsay statements upon which it intended to rely-including statements by Hannah Brant to Susan Hart and Kathy Elliot "set forth in reports previously made available." (Exhibits to Answer (#21) Exh. 118.)[3]

Because petitioner has failed to demonstrate that the videotape was inadmissible, Mr. Evans' failure to object was not deficient performance under <u>Strickland</u>.  Accordingly, petitioner has failed to demonstrate that the state court's rejection of this claim for habeas relief was contrary to, or an unreasonable application of, clearly established federal law.

**IV. Jury Instructions.**

In his final claim for habeas relief, petitioner asserts that he was denied the effective assistance of counsel when his trial counsel failed to object to the trial court's jury instructions relating to the four separate sodomy counts.[4]  Petitioner submits

---

[3]Petitioner has not rebutted with clear and convincing evidence the post conviction court's factual finding that he had previously reviewed the videotape with counsel and was aware of the statements by the victim to Ms. Hart and Ms. Elliott.  Thus, that finding is entitled to deference.  28 U.S.C. § 2254(e)(1). (Respondent's Exh. 124, p.8.)

[4]Petitioner also contends that similar statements by the prosecutor during closing argument were objectionable:

that the instructions erroneously advised the jury that they could find petitioner guilty on any of the counts if it found that a corresponding act occurred within the statute of limitations (between July 20, 1993 and July 19, 1999), whereas the indictment alleged specific time frames (Count 1, April 1995 to February 1996; Count 2, February 1996 to August 1997; Count 3 August 1997 and August 1998; and Count 4 August 1998 to March 18, 1999).  According to petitioner, the ambiguity between the dates in the indictment and the jury instructions created a reasonable probability that fewer than 10 members agreed as to a particular crime, violating his right to due process.  Petitioner argues that his counsel provided ineffective assistance when he failed to object to the erroneous instructions.

Respondent moves to deny habeas relief on the grounds that the state court decision is entitled to deference, and because the

_____

First of all, we have to prove that it happened within a certain time frame.  In these kinds of cases, the date is not what's called a material element.  It doesn't really matter when it happened. We don't have to prove it happened on a separate day.  All we have to prove is that it happened within the statute of limitations, which is in 1993 forward, from the time of 1993 until the time that the indictment was returned, which was in July 1999.  So from July '93 to July '99 is the time frame; that's all we have to prove, was that it happened then.  (Transcript of Proceedings p.39.)

Petitioner's argument concerning his counsel's failure to object to these statements fail for the same reasons discussed below.

counts do not raise jury unanimity concerns.  I agree with both assertions.

To the extent that petitioner is contending that the jury instructions were insufficient under state law because the time element was material, such a claim is not cognizable on federal habeas review.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("it is not the province of a federal habeas court to reexamine state court determinations on state law questions"); Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991).  In a habeas corpus proceeding, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." McGuire, 502 U.S. at 67-68.

To the extent that petitioner is arguing that the jury instructions violated his federal constitutional rights, "not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation." Middleton v. McNeil, 541 U.S. 433, 437 (2004).  Habeas corpus relief is only available for an alleged error in jury instructions when "'the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" Id. at 72 (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)); Townsend v. Knowles, 562 F.3d 1200, 1209 (9th Cir. 2009).  A challenged jury instruction may not be viewed in isolation, but must be viewed in the context of the instructions as a whole and the trial record.  Cupp v. Naughten,

414 U.S. at 146-47.  If the charge as whole is ambiguous, the
question becomes whether there is "a reasonable likelihood that the
jury applied the challenged instruction in a way that violates the
Constitution."  Middleton, 541 U.S. at 437 (internal quotations
omitted); Boyde v. California, 494 U.S. 370, 378 (1990).  If the
jury instructions were correct, counsel's failure to object is
neither deficient performance nor prejudicial under Strickland.

Petitioner has failed to demonstrate that the jury applied the
instructions in a way that violated the constitution.  Contrary to
petitioner's suggestion, the trial court reviewed the indictment,
including the separate time-frames alleged in each count, when
instructing the jury:

> The charges we're here about.  In this case, [petitioner]
> is charged with committing four separate crimes of Sodomy
> in the First Degree.  The charges that are filed with the
> court are that he, on or between certain dates in Marion
> County, Oregon, knowingly engaged in deviant sexual
> intercourse with Hannah Brant, a child under the age of
> 12 years, and there are four counts as we discussed
> earlier.
>
> The first count says that it occurred on or between
> the dates of April 1995 and February 1996.  Count 2
> alleges that it occurred on or between February 1996 and
> August 1997.  The third count alleges that it occurred
> or between August of 1997 and August 1998.  And the
> fourth and final count alleges that it occurred on or
> between August of 1998 and March the 18th of 1999.
>
> . . .
>
> Now, let's talk about the law of this state and
> what's involved in this charge.  The law of this state
> provides that a person commits the crime of Sodomy in the
> First Degree if the victim is a child under the ages of

12 years.  Now in this case, to establish the crime of Sodomy in the First Degree, the State must prove beyond a reasonable doubt the following four elements:

The first element of this crime is that it occurred in Marion County, Oregon; the third element of this crime is that [petitioner] knowingly engaged in deviate sexual intercourse with [the victim]; and, the fourth element of this is that [the victim] was a child under the age of 12 years.  The second element of all four crimes is that each one of the four must have occurred on or between July the 20th 1993 and July the 19th of 1999.

So the elements are exactly the same for all four counts.  The only difference in the counts is that the State has alleged four specific periods of time.  But the elements of each one of those crimes is exactly the same.

While the dates were not on the jury verdict form and the indictment was not in jury room during their deliberations, when examining the instructions as a whole, it is clear that the jury was instructed as to the specific dates contained in the indictment. (Tr. Vol. II, p.87.)  The court must presume the jury followed those instructions, absent evidence to the contrary. Weeks v. Angelone, 528 U.S. 225, 234 (2000); Richardson v. Marsh, 481 U.S. 200, 211 (1987).[5]

Petitioner argues that the jury instructions created a reasonable likelihood that less than 10 jurors agreed as to a particular, discrete crime.  Petitioner argues that the "state was

---

[5]Petitioner has presented no evidence to rebut the post conviction court's factual finding that the jury was instructed on the "specific time periods alleged in each count." (Exhibits to Answer (#21) Exh. 129, p.7.) Accordingly, that factual finding is entitled to deference.  28 U.S.C. § 2254(e)(1).

16 - OPINION AND ORDER

permitted to try a single allegation of abuse as four separately punishable counts" relying on <u>Valentine v. Konteh</u>, 395 F.3d 626, 633 (6th Cir. 2005).  In <u>Valentine</u>, the petitioner was convicted of 40 counts of sexual abuse; 20 counts each of rape and felonious sexual penetration.   The Sixth Circuit granted habeas corpus relief, concluding that the convictions violated the petitioner's due process rights because the prosecution failed to make any factual distinctions among the forty counts, permitting the petitioner to be "prosecuted and convicted for a generic pattern of abuse rather than for forty separate abusive incidents."  <u>Id.</u> at 634.  According to petitioner, as in <u>Valentine</u>, by instructing the jury that the dates were not material, the court eliminated the only distinguishing factor between the counts, thus violating his right to due process.   Petitioner's reliance on <u>Valentine</u> is unavailing.

Unlike <u>Valentine</u>, in this case, the state's theory upon which the four separate charges were based was clear.  Reviewing the trial transcript in its entirety, the state clearly presented it theory of the case: that petitioner committed the crime of Sodomy in the First Degree against his stepdaughter, a child under the age of 12, at least four times, once at each residence.  Hannah Brant testified that the abuse occurred in the same manner each time-that petitioner took her to the bedroom, locked the door, and proceeded to sodomize her.   Although she could not recall a

particular date of any particular offense, she did explain that
this same conduct occurred at least once at each of the family's
residences-the "gray house and those three apartments." (Tr. Vo. I,
p. 41-42.)

Additionally, Tashea Green, Hannah's mother, testified that
Hannah had lived with her and petitioner in those four residences
between June 19, 1995 and July 19, 1999, the time frames alleged in
the indictment. (Id. at 118-119.)  Thus, unlike Valentine, there
was sufficient distinguishing information available to the jury to
conclude that the abuse happened at least four times--once at each
location during the time periods alleged in the indictment.  See,
e.g., Parks v. Hargett, 1999 WL 157431 (10th Cir. 1999)(denying
habeas relief on due process grounds where petitioner faced three
charges of molestation and child victim testified to abuse in three
separate locations: in the bedroom, in the hot tub, and in the
bathroom).  Thus, given general nature of the victim's testimony
and the evidence presented, petitioner's denial of all abuse
allegations, and that the indictment consisted of identically
worded counts differing only as to which time frame they pertained,
this case does not present the type of circumstances where a jury
might disagree or be confused as to which acts formed the basis of
the charges.  See Gibbs v. Belleque, 2008 WL 4426808 (D.Or. Sept.
25, 2008)(determining that indictment separating multiple counts by
one-year time frames, and general nature of victim's testimony did

not present jury-unanimity concerns, thus due process claim failed); State v. Pervish, 202 Or. App. 442, 463, 123 P.3d 285 (2005), rev. denied, 340 Or. 308, 132 P.3d 28 (2006)(jury concurrence instruction not required given the generality of evidence).

In sum, given the nature of the victim's testimony, and that the jury was instructed as to the applicable time frames for each count, I conclude that in the context of the trial record as a whole, the instructions did not so infect the entire trial that the resulting conviction violates due process. McGuire, 502 U.S. 72; Mendez v. Knowles, 556 F.3d 757, 768 (9th Cir. 2009). Thus, the state court's rejection of petitioner's third ineffective assistance of counsel claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

## CONCLUSION

Based on the foregoing, petitioner's amended petition for writ of habeas corpus (#40) is DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this _31_ day of _August, 2009.

_/s/  Malcolm F. Marsh_____
Malcolm F. Marsh
United States District Judge